UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-CV-13 CAS |
| ) | |
| CITY OF NEW MADRID, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on remaining defendants Chris Hensley and Jeremy Hill's motion for summary judgment. On its own motion, the Court will stay this case pursuant to Wallace v. Kato, 549 U.S. 382 (2007). The motion for summary judgment will be denied without prejudice as premature.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting claims of illegal seizure and false arrest and imprisonment. Plaintiff has filed this suit while the underlying criminal case against him is still pending in the state courts. See State v. Williamson, Nos. 08MI-CR00530, 08MI-CR00531 (33rd Judicial Circuit, Mississippi County, State of Missouri).

**Discussion**

In Wallace v. Kato, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." Wallace, 549 U.S. at 397. The Supreme Court instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case

or the likelihood of a criminal case is ended." Id., 549 U.S. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. (internal citation omitted). The Eighth Circuit has described Wallace as indicating that if a plaintiff files civil action alleging false arrest and the claim necessarily requires the invalidation of an anticipated future conviction, the federal court should stay the § 1983 action until the criminal case is terminated. Abdullah v. Minnesota, 261 F. App'x 926, 926 (8th Cir. 2008).

After careful consideration, the Court finds that the principles established in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against plaintiff are resolved. Plaintiff's illegal seizure, false arrest and false imprisonment claims in this action necessarily require invalidation of any anticipated future conviction. Although the record indicates that the state court determined plaintiff was not illegally seized or arrested, that determination could be overturned on appeal if plaintiff is convicted. Further, defendants' motion is based on, among other things, principles of collateral estoppel and the Rooker-Feldman doctrine, which require that an underlying judgment be in place. There is no underlying judgment in this case, so defendants' arguments are premature.[1] To the extent plaintiff raises claims other than illegal seizure and false arrest/false imprisonment, principles of judicial economy and the avoidance of piecemeal litigation require that the entire case be stayed.

The stay of this action will remain in effect until resolution of the criminal case against plaintiff, including expiration of the time to file any appeal. If an appeal is filed, the stay will remain

---

[1] The fact that defendants assert the defense of qualified immunity does not change this result.

in effect until final resolution of the appeal process, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is **DENIED** without prejudice. [Doc. 19]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final resolution of the criminal case pending against plaintiff in State v. Williamson, Nos. 08MI-CR00530, 08MI-CR00531 (33rd Judicial Circuit, Mississippi County, State of Missouri), and any appeal therefrom, as set forth herein.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final resolution of the criminal case pending against him in State v. Williamson, Nos. 08MI-CR00530, 08MI-CR00531 (33rd Judicial Circuit, Mississippi County, State of Missouri), and any appeal therefrom, within 30 days after such final resolution.

**IT IS FURTHER ORDERED** that this case is administratively closed pending final resolution of the criminal case against plaintiff, and any appeal therefrom, and may be reopened by plaintiff's filing of a motion to reopen the case after such final resolution.

                                                   **CHARLES A. SHAW**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of February, 2010.