UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK WILLIAMSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:09-CV-13 CAS ) |
| CITY OF NEW MADRID, et al., | ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This stayed and administratively closed matter is before the Court is plaintiff's motion to reopen this action. Remaining defendants Chris Hensley and Jeremy Hill, police officers with the New Madrid County Sheriff's Department, have filed an opposition to plaintiff's motion.[1] After reviewing the record before it, the Court will grant plaintiff's motion to reopen the present action, but will dismiss the instant action pursuant to 28 U.S.C. § 1915(e)(2)(b) as barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the principle of collateral estoppel.

**Background**

On February 9, 2009, plaintiff Derrick Williamson, an inmate at Southeast Correctional Center ("SECC"), filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during the course of a traffic stop that occurred in June 2008.[2] Plaintiff alleged that

---

[1] Plaintiff's claims against all other defendants named in this matter were dismissed by a Memorandum and Order and Order of Partial Dismissal dated February 19, 2009 (Docs. 4, 5), pursuant to 28 U.S.C. § 1915(e)(2)(B).

[2] Plaintiff was arrested on June 25, 2008 and charged with sales of a controlled substance and possession of a controlled substance with intent to distribute.

defendant Hill seized plaintiff during the traffic stop without probable cause and that defendant Hensley subsequently arrived on the scene and arrested plaintiff pursuant to a fictitious warrant. Plaintiff also alleged that defendant Hensley submitted a false affidavit to the prosecutor regarding plaintiff's alleged crimes.

Plaintiff filed the instant action while his underlying criminal cases were still pending in the state courts. *See State v. Williamson*, Nos. 08MI-CR00530, 08MI-CR00531 (33rd Jud. Cir., Mississippi County, State of Mo.). Defendants filed a motion for summary judgment in this matter on September 8, 2009, addressing plaintiff's claims. On February 5, 2010, pursuant to the holding in *Wallace v. Kato*, 549 U.S. 384 (2007), the Court entered an order staying the proceedings in this case pending final resolution of the criminal cases then pending against plaintiff and any appeals therefrom.[3] [Doc. 33]. Plaintiff was ordered to notify the Court in writing within thirty (30) days of the final resolution of his criminal appeals.

On February 5, 2010, plaintiff's state court cases were tried to a jury. Plaintiff was found guilty on both counts, to wit: distribution of crack cocaine and possession of crack cocaine with intent to distribute. Plaintiff appealed the decision of the jury to the Missouri Court of Appeals. *See Williamson v. State*, No. SD30417. The Court of Appeals affirmed the decision of the lower court on May 11, 2011, and entered its mandate on May 27, 2011.

Plaintiff filed a motion to set aside his convictions and sentences in the trial court, pursuant to Missouri Rule of Criminal Procedure 29.15, on April 15, 2010. *See Williamson v. State*, No. 10MI-CV00285 (33rd Jud. Cir., Mississippi County, State of Mo.). The trial court

---

[3]The Eighth Circuit has described *Wallace* as indicating that if a plaintiff files a civil action alleging false arrest and the claim necessarily requires the invalidation of an anticipated future conviction, the federal court should stay the § 1983 action until the criminal case is terminated. *Abdullah v. Minnesota*, 261 F. App'x 926 (8th Cir. 2008).

denied plaintiff's motion on April 11, 2012 and plaintiff appealed the denial on May 21, 2012. *See Williamson v. State*, No. SD32060. The Missouri Court of Appeals affirmed the denial of the motion to set aside the conviction under Mo. R. Crim. P. 29.15 on August 6, 2013 and entered its mandate on August 22, 2013. *Id.*

Plaintiff filed an application for habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 on May 16, 2014. *See Williamson v. Wallace*, 4:14-CV-949 RWS/NCC (E.D. Mo.). Plaintiff's habeas corpus action remains pending.

## Discussion

Because it appears that all criminal proceedings have been completed, the Court will reopen plaintiff's § 1983 action and lift the stay previously imposed. The Court has carefully reviewed the record before it and takes judicial notice of the underlying criminal case including post-conviction proceedings and appeals. Having done so, the Court finds it necessary to dismiss the instant allegations of illegal search and seizure, false arrest and false imprisonment pursuant to the doctrine of *Heck v. Humphrey*, and principles of collateral estoppel.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Anderson v. Franklin County, Mo.,* 192 F.3d 1125, 1131 (8th Cir. 1999); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Plaintiff was convicted for distribution and possession of crack cocaine with the intent to distribute. Plaintiff's complaint alleges that (1) there was no probable cause for the underlying arrest, (2) the search and seizure leading to his arrest were unlawful, (3) plaintiff was falsely

3

imprisoned, and (4) defendant Hensley submitted a false affidavit to the prosecutor. As alleged, these claims necessarily call into question the validity of his conviction. Plaintiff has failed to make a showing that his conviction or sentence has been rendered invalid. Thus, his assertions that he was subject to false arrest, illegal search and seizure, and false imprisonment lack an arguable basis in law at this time and should be dismissed without prejudice. *See Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999); *see also Whitehead v. Garrett*, 2012 WL 13703, at * (E.D. Mo. Jan. 4, 2012) (plaintiff's allegations that there was no probable cause for his arrest, that the search and seizure leading to the arrest were unlawful, and that evidence was planted against him were *Heck*-barred because they necessarily called into question the validity of his conviction); *Smalley v. Stevens*, 2012 WL 1192197, at *3 (E.D. Mo. Apr. 10, 2012) (plaintiff's claim that officer fabricated warrants for his arrest was *Heck*-barred; citing *Anderson*).

Even if plaintiff's claims were not barred by *Heck,* the record indicates that the state court determined plaintiff was not illegally arrested, subjected to an illegal search or seizure, or illegally detained, and plaintiff is therefore collaterally estopped from attacking those determinations in a § 1983 action.[4] Collateral estoppel, or issue preclusion, applies when a

---

[4]The state court judgment dismissing plaintiff's post-conviction motion under Mo. Sup. Ct. Rule 29.15 states in pertinent part:

> Movant claims that the traffic stop, subsequent arrest, and search of his car and person were unconstitutional as his 4th Amendment rights were violated. Movant filed numerous motions to suppress on this issue. Movant filed his first motion to suppress on this issue on November 14, 2008 and after a hearing, the motion was overruled by the trial judge. (Tr. 8-44). On July 16, 2009, Movant was granted a second motion to suppress on the exact same issue, and once again the motion was overruled by the trial judge. (Tr. 82-86).

§ 1983 plaintiff attempts to relitigate in federal court issues that were decided against him in a state criminal proceeding. *Allen v. McCurry,* 449 U.S. 90, 103 (1980); *see also Munz v. Parr*, 972 F.2d 971, 973 (8th Cir. 1992) (stating that "collateral estoppel applies to section 1983 actions involving alleged Fourth Amendment violations."); *Simmons v. O'Brien*, 77 F.3d 1093, 1097 (8th Cir. 1996) ("When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will therefore bar relitigation of that issue in a § 1983 action.").

This Court must give a state court judgment the same preclusive effect it would be given under the law of the state where it was rendered. 28 U.S.C. § 1738; *W.F.M., Inc. v. Cherry County*, 279 F.3d 640, 643 (8th Cir. 2002). The following elements are required for collateral estoppel to apply under Missouri law: (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *State ex rel. Haley v. Groose*, 873 S.W.2d 221, 223 (Mo. 1994) (en banc). The Court has reviewed the records of the underlying criminal case, including plaintiff's post-conviction proceedings and appeals, and having done so finds that all four elements are met here. Plaintiff's remaining § 1983 claims are therefore barred by principles of collateral estoppel.

---

Judgment and Order with Findings of Fact and Conclusions of Law of April 11, 2012, at 14-15, Williamson v. State, Case No. 10MI-CV00285 (33rd Jud. Cir., Mississippi County, State of Mo.); *available at* Missouri Case.net, https://www.courts.mo.gov/fv/s/fileviewer.do?l=SMPDB0005_CT33&ci=10MI-CV00285&di=153434&so=D.

Finally, to the extent plaintiff asserts supplemental state law claims, including for intentional infliction of emotional distress, the Court will dismiss those claims without prejudice, having dismissed all of the federal claims in this action. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen his § 1983 action is **GRANTED** and the stay of this action is lifted. [Doc. 34]

**IT IS FURTHER ORDERED** that this action is subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's supplemental state law claims will be dismissed without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of June, 2014.